**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Mejorado Carrillo,<br><br>   Plaintiff,<br><br>vs.<br><br>Pima Community College District,<br><br>   Defendant. | No. CIV 25-034-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to File First Amended Complaint ("FAC") (Doc. 8) filed by Plaintiff Carlos Mejorado Carrillo "(Carrillo") on February 18, 2025. As the Court granted Carrillo leave to amend his Complaint in its February 14, 2025, Order, the Court will grant the motion. Carrillo has also filed a Notice of Judicial Action Request (Doc. 13) on February 24, 2025.

I. *Notice of Judicial Action Request* (Doc. 13)

Carrillo asserts Defendant Pima Community College District ("PCCD") has waived service of summons, with an April 22, 2025, deadline to respond to the Complaint. Carrillo requests the Court issue an expedited ruling to:

- Clarify which complaint is controlling and prevent unnecessary filings.
- Avoid overlapping litigation issues between the original complaint and the amended complaint.
- Ensure judicial economy by allowing the parties to proceed under the operative pleading.

Notice (Doc. 13, p. 2).

The Court's February 14, 2025, dismissed Carrillo's Complaint and claims. As the Complaint and claims were dismissed, it has no further bearing in this case. Further, the Court must also determine if the Amended Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In other words, the Amended Complaint has no effect in this case until the Court completes its screening of the Amended Complaint. The Court will screen Carrillo's Amended Complaint herein. As the Court previously discussed the requirements of a complaint and to state a claim upon which relief can be granted, the Court will not repeat those principles herein. *See* Feb. 14, 2025 Order.

II. *Carrillo's Amended Complaint*

The Amended Complaint ("Am. Comp.") alleges a police report contained misleading and graphic allegations from a Title IX investigation that implied Carrillo was still under criminal scrutiny, despite the case having been dismissed. PCCD provided a copy of this police report to Northland Pioneer College ("NPC") on June 7, 2023. Carrillo alleged PCC knew the information "was outdated, false, and harmful, yet failed to issue any correction." Am. Comp. (Doc. 8, ECF p. 9 of 13).

On July 16, 2024, Highland Community College ("HCC") alerted Carrillo of a Facebook post that falsely stated Carrillo was terminated for Title IX sexual harassment of students and staff.[1] The Am. Comp. states, "While the Facebook post did not mention rape allegations, subpoenaed evidence later confirmed that the complainant's father . . . was falsely spreading statements that [Carrillo] had raped his daughter and another woman and

---

[1] Although not stated in the Am. Complaint, it appears Carrillo was employed by HCC from July 1, 2024, through August 29, 2024. Application for IFP (Doc. 2, p. 2); *see also* HCC May 16, 2024, Announcement, https://highlandcc.edu/pages/whats-new/hcc-hires-drcarlos- mejorado-carrillo-as-vice-president-for-academic-affairs (last access 3/5/2025).

- 2 -

had been arrested." *Id*. Carrillo alleges this "defamatory campaign was directly fueled by [PCCD's] release of misleading records and its refusal to intervene." *Id*.

The Am. Comp. alleges a PCCD employee and a complainant used a personal gmail account to share confidential Title IX records with her father.[2] The father used the records to spread false allegations, including claims of sexual misconduct and fabricated arrest records, against Carrillo.

Carrillo alleges PCCD was aware of the unauthorized disclosures but took no action to prevent or mitigate their impact. In response to Carrillo's repeatedly requests of PCCD to correct the record and prevent further defamation, PCCD responded such information was public record and refused to take corrective action.

Carrillo's Am. Comp. asserts claims of Title IX Retaliation, First Amendment Retaliation, Civil Right Retaliation and Contract Interference pursuant to 42 U.S.C. § 1981, and violations of the Family Educational Rights and Privacy Act ("FERPA").

Carrillo seeks compensatory and punitive damages and an injunction ordering PCCD to correct false records.

III. *Retaliation under Title IX (20 U.S.C. § 1681)*

The Court previously advised Carrillo that, to state a "claim of retaliation under Title IX, a plaintiff must allege that (1) the plaintiff participated in a protected activity, (2) the plaintiff suffered an adverse action, and (3) there was a causal link between the protected activity and the adverse action. *Grabowski v. Arizona Bd. of Regents*, 69 F.4th 1110, 1121 (9th Cir. 2023), *citing Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012), *as amended*, 698 F.3d 715, 725-26 (9th Cir. 2012).

The Court recognizes the Am. Comp. alleges Carrillo's career and professional reputation were severely damaged. The Court declines to address whether this is a sufficient adverse action without possible future briefing between the parties should Carrillo's claims

---

[2]The implication is the employee was the Title IX complainant.

be actionable. For purposes of this Order, the Court accepts the implication Carrillo suffered an adverse action as to Carrillo's retaliation claims. *See e.g. Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 868 (9th Cir. 2014) ("the adverse action element is present when 'a reasonable [person] would have found the challenged action materially adverse . . .'"), *citations omitted*.

However, Carrillo has again not alleged any facts as to in what type of protected activity he participated or a causal link to any adverse action. The Court finds Carrillo has failed to state a Title IX Retaliation claim upon which relief may be granted. The Court will dismiss this claim with leave to amend.

IV. *First Amendment Retaliation*

To state a First Amendment retaliation claim, a plaintiff must allege he "was engaged in constitutionally protected activity," defendant's actions caused plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and "defendant's adverse action was substantially motivated as a response to plaintiff's exercise of constitutionally protected conduct." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1160–61 (N.D. Cal. 2009), *amended in part*, No. C 05-02935 MEJ, 2009 WL 10736653 (N.D. Cal. Sept. 8, 2009), *quoting Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300–01 (9th Cir.1999).

Again, Carrillo has not alleged any facts as to in what type of protected activity he participated or a causal link to any adverse action. The Court finds Carrillo has failed to state a First Amendment Retaliation claim upon which relief may be granted. The Court will dismiss this claim with leave to amend.

V. *Civil Right Retaliation and Contract Interference pursuant to 42 U.S.C. § 1981*

Employment related retaliation claims may be stated pursuant to 42 U.S.C. § 1981. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 452–57 (2008); *Johnson v. Lucent Techs.,*

*Inc.*, 653 F.3d 1000, 1006 (9th Cir. 2011). Such claims must involve the impairment of making and enforcement of contract rights. *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989), *superseded by statute* ("Where an alleged act of discrimination does not involve the impairment of one of these specific rights, § 1981 provides no relief."). The statute superseding *Patterson* clarified the meaning of to "make and enforce contracts" includes additional contract rights which are covered by the statute. 42 U.S.C. § 1981(b). This statute states, in pertinent part:

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties . . . and to no other.

**(b) "make and enforce contracts" defined**

For purposes of this section, the term make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(a) and (b). The rights protected by this section "are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

Employment discrimination claims under section 1981 are guided by the Title VII analysis which are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Weil v. Citizens Telecom Servs. Co.*, LLC, 922 F.3d 993, 1002 (9th Cir. 2019) ("We analyze Title VII claims, as well as § 1981 and state law employment discrimination claims, under the McDonnell Douglas burden-shifting framework."); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003).

Carrillo's claim for retaliation under Section 1981 must allege facts he engaged in an activity protected by statute and he suffered an adverse employment action because he engaged in that activity. *Hicks v. Netflix, Inc.*, 472 F. Supp. 3d 763, 773 (C.D. Cal. 2020)

(plaintiff plausibly alleged §1981 claim alleging protected activity of challenging opening offer as discriminatory and adverse action of converting that initial offer to "a take-it-or-leave-it final offer"). Further, "[a]ny claim brought under [42 U.S.C.] § 1981 . . . must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

The Court recognizes the implication from the Am. Comp., confirmed by Carrillo's IFP Application, indicates Carrillo was in an employment relationship with HCC. The Court, in light of judicial experience and common sense, could consider whether there is sufficient factual matter, accepted as true, to state a contractual relationship. *See Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (When a complaint does not plead a prima facie case for discrimination, courts may still look to those elements "to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."), *quoting Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015). However, as other factual allegations are insufficient, the Court declines to consider the allegations in light of judicial experience and common sense.

42 U.S.C. "§ 1981 follows the usual rules, not any exception. To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). 42 U.S.C. § 1981 "has been applied where there is no direct employer/employee relationship but where the discriminating entity interfered with the plaintiff's ability to enter into an employment contract on the basis of race." *Allen v. Mayhew*, No. CIV S040322LKKCMK, 2010 WL 618129, at *3 (E.D. Cal. Feb. 17, 2010), *quoting Shirkey v. Eastwind Community Development Corp.*, 941 F.Supp. 567, 573 (D.Md.1996), *citing Daniels v. Pipefitters' Assn. Local Union No. 597*, 945 F.2d 906, 914-15 (7th Cir.1991); *see also Al-Khazraji v. St. Francis College*, 784 F.2d 505, 518 (3d

Cir.1986).

In this case, Carrillo has made no allegation as to his race or any other protected class or that any contract interference was based on his race or any other protected class. Indeed, Carrillo has failed to allege any facts as to in what type of protected activity he participated or a causal link to any adverse action. The Court finds Carrillo has failed to state a §1981 Retaliation and Contract Interference claim upon which relief may be granted. The Court will dismiss this claim with leave to amend.

VI. *Family Educational Rights and Privacy Act*

Carrillo purports to state a claim under FERPA based on Defendant's conduct by releasing a police report that contained FERPA-protected information and allowed the complainant to access and share protected disciplinary records without authorization. Although not specifically stated in the Am. Comp., it appears Carrillo is attempting to state a non-disclosure claim pursuant to 20 U.S.C. § 1232g(b). However, "Congress enacted FERPA under its spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002). In *Gonzaga*, the Supreme Court held that FERPA's nondisclosure provisions do not confer enforceable rights. *Id*. at 277 (construing 20 U.S.C. § 1232g(b)).

As § 1232g(b) does not confer enforceable rights, it does not provide a private right of action to Carrillo to state a claim against Defendant. *Henry v. Universal Tech. Inst.*, 559 F. App'x 648, 651 (9th Cir. 2014) (FERPA "does not provide for a private right of action.").[3] The Court finds Carrillo has not, and cannot, state a claim upon which relief can be granted pursuant to FERPA. The Court will dismiss this claim without leave to amend.

---

[3]Enforcement of FERPA is through a complaint filed with the U.S. Dept. of Education, Student Privacy Policy Office. *See* https://studentprivacy.ed.gov/file-a-complaint (last accessed March 6, 2025).

VII. *Dismissal with Leave to Amend*

As the Am. Comp. does not state a claim upon which relief may be granted, the Court will dismiss the Am. Comp. with leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). Although Carrillo has been afforded an opportunity to amend his Complaint to set forth a valid claim upon which relief may be granted, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (if a court determines dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim), the Court finds an additional opportunity to more carefully draft a second amended complaint might result in the statement of claims. Again, the Court has discussed the reasons for dismissal so Carrillo can make an intelligent decision whether to file a second amended complaint. *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

Carrillo is advised that all causes of action alleged in the original Complaint or the Am. Comp. which are not alleged in any Second Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Further, any Second Amended Complaint that references other documents without setting forth factual allegations in the Second Amended Complaint itself does not sufficiently state a claim upon which relief may be granted.

VIII. *Filing of Amended Complaint and Notice to Defendant*

Where a motion to amend a pleading is granted, "the party seeking the amendment must file the amended pleading with the court and serve it on the other parties. It will not automatically be filed by the Clerk's Office." ECF Administrative Policies and Procedures Manual, § II.H. In this case, the Court has granted the motion to amend, but has dismissed the Am. Comp. for failure to state a claim. The Court finds it appropriate to direct the Clerk

of Court, in this case, to docket the Am. Comp.

Although an appearance on behalf of Defendant has not been made in this case, Carrillo has completed service of the dismissed Complaint upon Defendant. The Court will direct her staff to forward a copy of this Order, once docketed, to the email addresses of the defense attorneys set forth in the Waiver of Service of Summons on Behalf of PCCD.

Accordingly, IT IS ORDERED:

1. The Motion for Leave to File First Amended Complaint (Doc. 8) is GRANTED.

2. The Clerk of Court shall docket the Amended Complaint (Doc. 8., ECF pp. 6-13) as an Amended Complaint.

3. The Amended Complaint and Carrillo's claims for Title IX Retaliation, First Amendment Retaliation, and Civil Right Retaliation and Contract Interference are DISMISSED WITH LEAVE TO AMEND.

4. Carrillo's FERPA claims are DISMISSED WITHOUT LEAVE TO AMEND.

5. Carrillo SHALL HAVE thirty (30) days from the date of filing of this Order to file a Second Amended Complaint. All causes of action alleged in the original Complaint or Am. Comp. which are not alleged in any Second Amended Complaint will be waived. Any Second Amended Complaint filed by Carrillo must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or Am. Comp. by reference. Any Second Amended Complaint submitted by Carrillo shall be clearly designated as a Second Amended Complaint on the face of the document.

6. Court staff shall email a copy of this Order, once docketed, to the email addresses of defense counsel as set forth in the Waiver of Service of Summons on Behalf of PCCD.

DATED this 10th day of March, 2025.

_____
Cindy K. Jorgenson
United States District Judge