**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Mejorado Carrillo,<br><br>    Plaintiff,<br><br>vs.<br><br>Pima Community College District,<br><br>    Defendant. | No. CIV 25-034-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Doc. 24) filed by Plaintiff Carlos Mejorado Carrillo ("Carrillo"). Defendant Pima Community College District ("PCCD") filed a response (Doc. 25), but the Court advised the parties it would not be considering the response. *See* July 11, 2025, Order (Doc. 29), *quoting* LRCiv 7.2(g) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court . . ."). Additionally, Carrillo has filed a Supplemental Statement in Support of Plaintiff's Motion to Alter or Amend Judgment (Rule 59(e)) (Doc. 28). After reviewing the Motion, the Court finds it appropriate to address Carrillo's arguments without a response.

It is within the Court's discretion to grant or deny a motion for reconsideration filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *United Nat'l Ins. Co. V. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) ("A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and neither will be reversed absent an abuse of discretion[.]").

The Court may reconsider an order and grant a "motion under Rule 59(e) if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law." *Chavarria v. Shinn*, No. CV-22-00102-PHX-MTL, 2023 WL 8039665, at *1 (D. Ariz. Oct. 27, 2023), *citing School Dist. No. 1J*, 5 F.3d at 1263. "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) ' extraordinary circumstances' which would justify relief.'" *Id.*, *quoting Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

"Motions for reconsideration should be granted only in rare circumstances." *Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 575 (D. Ariz. 2024), *citing Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through-rightly or wrongly.'" *Harrington*, 713. F.Supp.3d at 575, *citations omitted*; *see also Pollock v. Energy Corp. of Am.*, 665 F. App'x 212, 218 (3d Cir. 2016), *citations omitted*. "Mere disagreement with an order is an insufficient basis for reconsideration." *Yount v. Salazar*, 933 F. Supp. 2d 1215, 1236 (D. Ariz. 2013), *aff'd sub nom. Nat'l Mining Ass'n v. Zinke*, 877 F.3d 845 (9th Cir. 2017).

Carrillo asserts the granting of the Motion to Dismiss included clear error of law and fact because the Court failed to consider the significant new evidence and factual developments which arose after Carrillo's voluntary dismissal of the prior federal case, the correct and prevailing legal standards under Title IX, and the well-pleaded factual allegations and exhibits in Carrillo's SAC "demonstrating deliberate indifference, defamation by implication, and tortious interference causing real harm." Motion (Doc. 24, p. 2).

*Alleged Failure to Consider Significant New Evidence and Factual Developments*

Carrillo argues significant new evidence he obtained after the filing of CV 24-123-JCH, including subpoenaed emails and documents obtained after dismissal of the earlier case, constitute a materially different factual predicate exempt from claim preclusion under *Lawlor v. National Screen Service*, 349 U.S. 322 (1955).  However, the "newly discovered evidence" at issue in reviewing a motion for reconsideration is whether the evidence was available at the time of filing a motion or response.  Indeed, the Ninth Circuit has stated:

> [T]o support a motion for reconsideration of a grant of [a motion] based upon newly discovered evidence, the movant is "obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing[/consideration of the motion], but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing[/before consideration."

*Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985), *citations omitted*.

Carrillo's argument as to the applicability of the "newly discovered evidence" as it relates to *res judicata*, therefore, does not warrant reconsideration.  However, Carrillo also asserts clear error as to this issue warrants reconsideration.  "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'"  *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013), *quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  Carrillo appears to be relying on *Lawlor* to dispute that this lawsuit and CV 24-123-JCH were based on the same cause of action.

However, the Court in *Lawlor* addressed a situation in which claims "did not even . . . exist [at the time of the prior lawsuit] and which could not possibly have been sued upon in the previous case."  349 U.S. at 328.  The Court considered this principle in its Order granting the Motion to Dismiss.  June 30, 2025 Order (Doc. 22, p. 8), *citing Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019), *citation omitted* ("'claim preclusion does not apply to claims that accrue after the filing of the operative complaint' in the first suit").

Indeed, the Court considered "whether: (1) 'the two suits arise out of the same transactional nucleus of facts'; (2) 'rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action'; (3) 'the two suits involve infringement of the same right'; and (4) 'substantially the same evidence is presented in the two actions.'" *Id.*, *quoting Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005), *citation omitted*. The Court recognized the common nucleus criterion is often outcome determinative under the first *res judicata* element and a "transaction test" is used in determining whether a common nucleus of operative fact is shared by the two suits. *Id.*, *citations omitted*.

The Court determined that it appeared "Carrillo alleged in the second lawsuit that PCCD provided information to NPC by undisclosed means, but in this case Carrillo alleges this information was provided in documentation." June 30, 2025 Order (Doc. 22, p. 9). Carrillo has not disputed this determination. The Court determined the distinction between the two cases was the method, content, and extent of the information disclosed to NPC, that the additional facts in this case were related to the facts of CV 24-123-JCH and provided additional evidence of the same basic nucleus of facts that PCCD disclosed information to NPC. In reviewing the Court's prior conclusion, this Court is not left "with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955.

The Court finds clear error does not warrant reconsideration of the Court's prior order.

*Legal Standards Under Title IX*

Carrillo argues that, "under *Jackson v. Birmingham Board of Education*, 544 U.S. 167 (2005), Title IX retaliation protections extend to individuals who oppose sex discrimination, including retaliation arising after formal complaints or investigations, regardless of the plaintiff's sex." Motion (Doc. 24, p. 3). Indeed, the Supreme Court held, "Retaliation against a person because that person has complained of sex discrimination is

another form of intentional sex discrimination encompassed by Title IX's private cause of action." *Jackson*, 544 U.S. at 173.

However, the Eleventh Circuit Court of Appeals has stated:

> *Jackson* does not contemplate protections for an accused discriminator who participates in a Title IX investigation of his own conduct. That situation bears none of the features of the *Jackson* implied right of action: it does not protect students, and it does not encourage reporters to come forward. It is unsurprising then that at least one other circuit has refused to recognize retaliation actions for participation in an investigation where the would-be plaintiff is accused of discrimination. *See Du Bois v. Bd. of Regents of the Univ. of Minn.*, 987 F.3d 1199, 1204–05 (8th Cir. 2021).

*Joseph v. Bd. of Regents of the Univ. Sys. of Georgia*, 121 F.4th 855, 870 (11th Cir. 2024). Indeed, Title IX does not designate "participation in a sexual harassment investigation on the side of the accused as protected activity." *Du Bois,* 987 F.3d 1199, 1205 (8th Cir. 2021).

The Court finds it did not commit clear error, nor was the initial decision manifestly unjust. Further, extraordinary circumstances do not justify relief. The Court finds reconsideration of its June 30, 2025, Order on this basis is not appropriate.

*Allegations and Exhibits Purporting to Demonstrate Elements of Claims*

Carrillo asserts he has sufficiently alleged and shown facts demonstrating PCCD's "deliberate indifference, dissemination of misleading Title IX-related police reports, unauthorized sharing of confidential information, and failure to correct known defamation." Motion (Doc. 24, pp. 3-4). The Court addressed the elements of each alleged claim and the alleged facts, including reasonable inferences raised, related to those claims. The Court determined Carrillo had made conclusory allegations and failed to allege sufficient facts to adequately state the purported claims. Rightly or wrongly, the Court has thought through whether Carrillo has adequately alleged claims and it is not appropriate to rethink whether he has adequately stated a claim. *Harrington*, 713. F.Supp.3d at 575. Reconsideration of the adequacy of the claims is not warranted.

. . . . .

. . . . .

*Conclusion*

The Court finds Carrillo has not set forth a sufficient basis to justify reconsideration of the Court's June 30, 2025, Order. Rather, "[a]rguments that [this Court] was in error on the issues it considered should be directed to the court of appeals." *Martinez v. Hacker-Agnew*, No. CV-16-0731-TUC-BGM, 2020 WL 4003231, at *1 (D. Ariz. July 15, 2020), *quoting Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).

Accordingly, IT IS ORDERED the Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Doc. 24) is DENIED.

DATED this 16th day of July, 2025.

_____
Cindy K. Jorgenson
United States District Judge