**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Carlos Mejorado Carrillo,                    )
                                             )
            Plaintiff,                        )
                                             )       No. CIV 25-034-TUC-CKJ
vs.                                          )
                                             )              **ORDER**
Pima Community College District,             )
                                             )
            Defendant.                        )
                                             )

        Pending before the Court is the Motion for Indicative Ruling (Doc. 35) filed by Plaintiff Carlos Mejorado Carrillo ("Carrillo").  Defendant Pima Community College District ("PCCD") filed a response (Doc. 36), and Carrillo has filed a reply (Doc. 37).

        In this closed case, Carrillo seeks "a limited indicative ruling as to whether this Court would entertain a motion for leave to amend if the Ninth Circuit remands for that limited purpose."  Motion (Doc. 35, p. 1).  In the requested relief section of the Motion, Carrillo requests the Court issue an indicative ruling which states:

        1. The motion raises a substantial issue under Rule 62.1; and/or

        2. If the Ninth Circuit remands for that limited purpose, the Court would entertain a motion for leave to amend to add Plaintiff's newly ripe ACRA retaliation claim.

Motion (Doc. 35, p. 6).

        The applicable rule states:

        a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

                (1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed.R.Civ.P. 62.1(a). Here, Carrillo has not filed a motion for relief that the court lacks authority to grant because of the pending appeal. In other words, Carrillo has filed a motion for indicative ruling rather than a motion for leave to appeal.

The Court recognizes the authority regarding the requirement of a specific motion is mixed. By the plain language of the rule, Carrillo's pending motion is not governed by Fed.R.Civ.P. 62.1(a). *See* Fed.R.Civ.P. 62.1 Committee Notes – 2009 ("This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal."); *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015) ("On its face, then, the rule only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal. Absent an underlying, predicate motion, there is no basis for relief under Rule 62.1."). However, some courts have considered a Rule 62.1(a) motion when the moving party sufficiently states the merits of its substantive argument in its briefs. *See e.g., Est. of Najera-Aguirre v. Cnty. of Riverside*, No. EDCV18762DMGSPX, 2020 WL 5370618, at *1 (C.D. Cal. Aug. 13, 2020). However, at least one treatise has determined the "[b]est practice for all involved . . . would still seem to be for attorneys to file the substantive motion on its own, separate from the Rule 62.1 motion." 2 Federal Rules of Civil Procedure, Rules and Commentary § 62.1:3 (June 2025 Update). In light of the specific language of the rule and the general requirement of ripeness of issues, *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003) (requirement of ripeness ensures that issues are definite and concrete, not hypothetical or abstract), the Court finds Carrillo's Motion does not present a basis for relief under Fed.R.Civ.P. 62.1.

Further, to the extent Carrillo is requesting the Court agree to "entertain" a motion for leave to amend if remanded for that purpose, the Court advises the parties it would

"entertain" such a motion. The Court recognizes the "entertaining" of a motion simply indicates the Court would consider the request. It does not indicate the Court "would grant the motion if the court of appeals remands for that purpose." Fed.R.Civ.P. 62.1(a)(3).

As to Carrillo's request the Court issue an indicative ruling stating the motion raises substantive issues, the Court cannot make such a ruling because such a motion is not pending before the Court. As a practical matter, the Court cannot adequately appraise Carrillo's arguments to determine if substantive issues exist without a full opportunity to the parties to present their arguments. *See e.g. Castro v. United States*, 540 U.S. 375, 386 (2003), Scalia, J., *concurring in part and concurring in judgment* (parties are responsible for presenting the facts and arguments entitling them to relief).

The Court declines to issue an indicative ruling.

Accordingly, IT IS ORDERED the Motion for Indicative Ruling (Doc. 35) is DENIED.

DATED this 21st day of May, 2026.

_____
Cindy K. Jorgenson
United States District Judge

- 3 -